UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS MAYFIELD,<br>    Plaintiff,<br>v.<br><br>CLARE COUNTY JAIL,<br>DOROTHY LNU, JOHN DOES,<br>    Defendants.<br>_____/ | Case No.: 19-12868<br><br>Bernard A. Friedman<br>United States District Judge<br><br>Michael J. Hluchaniuk<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
<u>**RULE 4(m) DISMISSAL WITHOUT PREJUDICE**</u>

**I.    PROCEDURAL HISTORY**

Plaintiff filed this civil rights action on October 1, 2019.  (ECF No. 1).  This matter was referred to the undersigned for all pretrial matters.  (ECF No. 10).  On October 22, 2019, the Court entered an order directing service by the U.S. Marshals Service (USMS).  (ECF No. 6).  USMS acknowledged receipt of service documents for defendants Clare County Jail and Dorothy LNU.  (ECF No. 7). Clare County Jail was served, but the waiver of service was returned unexecuted as to Dorothy LNU.  (ECF No. 11).  In the cover letter explaining why the waiver was returned, the Undersheriff for the Office of the Clare County Sheriff indicated that they did not have an employee named "Dorothy lnw."[1]

---

[1] It appears that the reference to "Dorothy lnw" is a typo as to "lnw."  The request to waive service of summons references "Dorothy lnu," not "lnw."

On February 7, 2020, because neither the John Doe defendants nor defendant Dorothy LNU had yet been served, the Court ordered plaintiff to show cause why he has failed to provide the correct names and addresses for these defendants. (ECF No. 22). The Court explained that, "Pursuant to Federal Rule of Civil Procedure 4(m), if service of the summons and complaint has not been accomplished within 90 days after the filing of the complaint, the Court may dismiss an action without prejudice or direct that service be effectuated within a specified time as to those defendants who have not been served." (ECF No. 22, PageID.178). The deadline for plaintiff to show cause why he failed to provide correct names and addresses was March 9, 2020. Another way plaintiff could have satisfied the order to show cause was to provide the correct names and addresses for the John Doe defendants and Dorothy LNU. (*Id.* at PageID.179). The Court warned that, "**Failure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that this case be dismissed without prejudice against those defendants who have not been served.**" (*Id.*) (emphasis in original).

As of the date of this report and recommendation, plaintiff has not responded to the order to show cause or provided the correct names and addresses for these defendants.

**III.   ANALYSIS AND RECOMMENDATION**

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the Court may enter an order dismissing the case for lack of prosecution.

Plaintiff failed to provide correct names and addresses for the John Doe defendants and defendant Dorothy LNU despite being warned that failure to do so could result in dismissal of the unserved defendants. Therefore, the undersigned recommends that plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m) and Local Rule 41.2 against John Does and Dorothy LNU defendants. *See Habib*, 15 F.3d at 73 ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."); *see also Price v. Howard*, 2011 WL 4496661, at *3 (W.D. Mich. Sept. 27, 2011) (pro se prisoner's claims against John Doe defendant "dismissed without prejudice for failure to effect timely service"); *Reed-Bay v. Pramstaller*, 607 Fed.Appx. 445, 449-50 (6th Cir. 2015) (affirming dismissal of claims raised by *pro se* prisoner

pursuant to Rule 4(m), noting that "an incarcerated plaintiff may not shirk all responsibility for seeing that the Marshals Service fulfils its duty to effectuate service").

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as against John Doe defendants and Dorothy LNU pursuant to Rule 4(m) and Local Rule 41.2.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 2, 2020                    s/Michael J. Hluchaniuk
                                                                 Michael J. Hluchaniuk
                                                                 United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on April 2, 2020, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Cornelius Mayfield #55961-039, 8333 Townsend, Detroit, MI 48213.

                                                                 s/ Durene Worth
                                                                 Case Manager
                                                                 (810) 341-7881
                                                                 durene_worth@mied.uscourts.gov